NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MANUEL J. MARTINS,<br><br>*Plaintiff*,<br><br>v.<br><br>NATIONSTAR MORTGAGE LLC and U.S. BANK, N.A., SUCCESSOR BY MERGER TO FIRSTAR BANK, N.A., SUCCESSOR BY MERGER TO STAR BANK, SUCCESSOR BY MERGER TO GREAT FINANCIAL BANK, FSB,<br><br>*Defendants*. | Civil Action No. 15-7570<br><br>**OPINION** |

**John Michael Vazquez, U.S.D.J.**

This matter comes before the Court pursuant to Defendant U.S Bank N.A., successor by merger to Firstar Bank, N.A., successor by merger to Star Bank, successor by merger to Great Financial Bank, FSB's ("Defendant" or "U.S. Bank") motion for summary judgment under Federal Rule of Civil Procedure 56(a). D.E. 27. *Pro se* Plaintiff Manuel J. Martins ("Plaintiff" or "Martins") did not respond to U.S. Bank's motion. The Court reviewed the submission in support of the motion, and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons stated below, U.S. Bank's motion is granted.

I.   **BACKGROUND**[1]

---

[1] "Because Plaintiff has not filed an Opposition to [Defendant's] motion for summary judgment and thus has not filed a responsive statement of material facts, the Court deems [Defendant's] facts undisputed." *Robbins v. U.S. Foodservice, Inc.*, No. 11-4599, 2012 WL 3781258, at *3 (D.N.J. Aug. 30, 2012).

On or about October 27, 2006, Plaintiff obtained a $175,000 mortgage loan (the "Loan") from Bank of America for his residence, located at 456 N. 11th Street, Newark, New Jersey 07107 ("the Property"). Defendant's Statement of Undisputed Material Facts ("SOF"), ¶ 1. Plaintiff defaulted on the Loan and co-defendant Nationstar Mortgage LLC ("Nationstar") initiated a state court foreclosure action (the "Foreclosure Action") against Martins. *Id.* at ¶ 3. Martins never answered or otherwise appeared in the Foreclosure Action and the court entered judgment for Nationstar. *Id.* at ¶¶ 6–7. U.S. Bank did not participate in the Foreclosure Action. *Id.* at ¶ 5.

The facts of the instant action are straightforward: U.S. Bank disclaims any connection to the underlying Foreclosure Action, the Loan, or the Property. U.S. Bank has not commenced, nor is it preparing to initiate, proceedings to foreclose the Property because it has no interest in, or lien against, the Property. *Id.* at ¶¶ 19, 21. U.S. Bank is not attempting to collect a debt from Plaintiff and it does not allege that Plaintiff owes it a debt. *Id.* at ¶¶ 17-18. U.S. Bank has no record of any correspondence or communications with Plaintiff or anyone else at the Property. *Id.* at ¶ 16. Finally, U.S. Bank does not possess, nor did it request, Plaintiff's personal or financial information. *Id.* at ¶ 22. The only evidence of communication between Plaintiff and U.S. bank is a September 29, 2015 letter from Plaintiff addressed to U.S. Bank where Plaintiff questions U.S. Bank and Nationstar's status as a creditor of his mortgage. Compl. Ex. A. Plaintiff notes that he "received [Defendants'] request for financial disclosures and money," however, Plaintiff does not provide the Court with a copy of that alleged communication. *Id.*

Plaintiff filed a five-count complaint against Defendants U.S. Bank and Nationstar. D.E. 1. Plaintiff alleged only two causes of action against U.S. Bank -- violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and "identity theft." U.S. bank moved for summary judgment on both counts. D.E. 27.

## LEGAL STANDARD

### A. Standard of Review

A moving party is entitled to summary judgment where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" when a dispute over that fact "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Importantly, "[f]actual disputes that are irrelevant or unnecessary will not be counted." *Id.* A material fact raises a "genuine" dispute "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Williams v. Borough of W. Chester*, 891 F.2d 458, 459 (3d Cir. 1989) (quoting *Liberty Lobby*, 477 U.S. at 248). "Where the record taken as a whole could not lead a reasonable trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks omitted). "When analyzing the sufficiency of the evidence, the court must view the facts and any reasonable inferences drawn therefrom in the light most favorable to the party opposing summary judgment." *InterVest, Inc. v. Bloomberg, L.P.*, 340 F.3d 144, 159-60 (3d Cir. 2003) (citing *Eastman Kodak Co. v. Image Technical Servs., Inc.*, 504 U.S. 451, 456 (1992)).

Summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Under those circumstances, "there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 322-23. However, to withstand a motion for summary judgment, the

nonmoving party need only "come forward with evidence which, if believed, would support a finding in its favor." *In re Bressman*, 327 F.3d 229, 237 (3d Cir. 2003).

A party's failure to respond to a motion for summary judgment "is not alone a sufficient basis for the entry of summary judgment." *Robbins v. U.S. Foodservice, Inc.*, No. 11-4599, 2012 WL 3781258, at *3 (D.N.J. August 30, 2012) (internal quotation marks omitted). Even for an unopposed summary judgment motion, the Court must still determine whether the motion is made properly and whether granting summary judgment is appropriate under Rule 56(e). *Id.* When "the moving party does not have the burden of proof on the relevant issues . . . the Court must determine that the deficiencies in Plaintiff's evidence designated in or in connection with the motion entitle the Defendants to judgment as a matter of law." *Id.*

## II. DISCUSSION

### A. Plaintiff's FDCPA Claim

U.S. Bank argues that Plaintiff does not have a valid FDCPA claim because he has produced no evidence of oral communication or written correspondence showing that U.S. Bank contacted him seeking to collect a debt, nor can U.S. Bank locate any record that it communicated with Plaintiff. D.E. 27 at 5. The Court agrees.

The FDCPA "creates a private right of action against debt collectors who fail to comply with its provisions." *Grubb v. Green Tree Servicing, LLC*, No 13-07421, 2014 WL 3696126, at *4 (D.N.J. July 24, 2014). The FDCPA was enacted by Congress in 1977 with the purpose of eliminating "abusive, deceptive, and unfair debt collection practices" by debt collectors. 15 U.S.C. § 1692(a). "As remedial legislation, the FDCPA must be broadly construed in order to give full effect to these purposes." *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 148 (3d Cir. 2013). To that end, "[l]ender-debtor communications potentially giving rise to claims

4

under the FDCPA should be analyzed from the perspective of the least sophisticated debtor." *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (quoting *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 454 (3d Cir. 2006)). "[A]lthough this standard protects naive consumers, it also 'prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care.'" *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354-55 (3d Cir. 2000) (quoting *United States v. Nat'l Fin. Servs., Inc.*, 98 F.3d 131, 136 (4th Cir. 1996)).

To succeed on an FDCPA claim, a plaintiff must demonstrate that "(1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014). Here, Plaintiff fails to present sufficient evidence to establish any of the four elements.

The FDCPA defines a consumer as "any natural person obligated or allegedly obligated to pay any debt." § 1692a(3). Plaintiff produced no evidence that he entered into a transaction with U.S. Bank, and therefore cannot establish that he is a consumer of U.S. Bank. While Plaintiff claims that the Bank sent him letters seeking to collect a debt, and produces his own letters in apparent response to U.S. Bank's letters, he produces no evidence of any original letters sent by U.S. Bank. Compl., Ex. A. Furthermore, U.S. Bank denies that it seeks to collect, or is even owed, a debt from Plaintiff. SOF at ¶ 17-18. Thus, Plaintiff is not obligated, or even allegedly obligated, to pay a debt to U.S. Bank, and is therefore not a consumer of U.S. Bank.

Next, the FDCPA defines a debt collector as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or

due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). "Creditors -- as opposed to 'debt collectors' -- generally are not subject to the FDCPA." *Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 403 (3d Cir. 2000). "The statute does not apply to persons or businesses collecting debts on their own behalf," *Staub v. Harris*, 626 F.2d 275, 277 (3d Cir. 1980), "[b]ecause creditors are generally presumed to restrain their abusive collection practices out of a desire to protect their corporate goodwill," *Pollice*, 225 F.3d at 403. Instead, "[the FDCPA] is directed to those persons who are engaged in business for the principal purpose of collecting debts." *Id.*

U.S. Bank is a creditor, rather than a debt collector, under the FDCPA because even if U.S. Bank were seeking to collect a debt from Plaintiff, it would be doing so on its own behalf. Thus, assuming Plaintiff were a consumer of U.S. Bank, Plaintiff still does not present adequate proof of an FDCPA claim because Defendant is not a debt collector under the statute.

Plaintiff also does not meet the third element of an FDCPA claim because U.S. Bank is not attempting to collect a debt from Plaintiff. Instead, U.S. Bank explicitly denies that it has attempted, or is attempting, to collect a debt from Plaintiff. SOF ¶ 19. Plaintiff therefore fails to meet the fourth element because there can be no violation of a provision of the FDCPA without first showing an attempt to collect a debt.

Accordingly, Plaintiff fails to meet his burden to show a violation of the FDCPA. There is no genuine dispute of material fact and U.S. Bank is entitled to judgment as a matter of law on Count Two.

### B. Plaintiff's Identity Theft Claim

Plaintiff alleges that U.S. Bank committed identity theft because it attempted to acquire Plaintiff's credit and financial information, led him to make financial disclosures, and threatened Plaintiff with taking his home and money unless he provided certain sensitive information. Compl.

6

at 17. Plaintiff alleges that copies of communication between U.S. Bank and Plaintiff are located in Exhibit B of the Complaint. *Id.* at 20. Defendant argues that Plaintiff has no cause of action for identity theft because the record, including Exhibit B, is devoid of any evidence suggesting that U.S. Bank ever communicated with Plaintiff. Def.'s Moving Br. 8.

New Jersey Statutes Section 2C:21–17.4(a) "permits a person who has suffered 'any ascertainable loss of moneys or property, real or personal, as a result of the use of that person's personal identifying information,' to bring a cause of action against the thief." *Fogarty v. Household Finance Corp. III*, No. 14-4525, 2015 WL 852071, *14 (D.N.J. Feb. 25, 2015) (quoting N.J.S.A. 2C:21-17.4(a)).

Plaintiff alleges the "loss of the actual fair market value of his home because [U.S. Bank] has been encumbering [Plaintiff's] property, before, during and following the foreclosure thereof." Compl. at 21. However, Plaintiff fails to produce any evidence of correspondence that connects U.S. Bank to this claimed loss of the fair market value of his home. The claim is further lacking because there is no evidence that U.S. Bank possesses any of Plaintiff's personal or financial information. On the contrary, U.S. Bank denies that it possesses or ever possessed such information. SOF at ¶ 22. In short. Plaintiff presents no proof that U.S. Bank is the "thief" who caused him to suffer the alleged loss of the fair market value of his home.

Therefore, the Court grants summary judgment in favor of U.S. Bank as to Count Four.

## III. CONCLUSION

For the foregoing reasons, U.S. Bank's motion for summary judgment is granted. An appropriate Order accompanies this Opinion.

Dated: April 6, 2017

John Michael Vazquez, U.S.D.J.