NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MANUEL J. MARTINS,<br><br>*Plaintiff,*<br><br>v.<br><br>NATIONSTAR MORTGAGE LLC and U.S. BANK, N.A., SUCCESSOR BY MERGER TO FIRSTAR BANK, N.A., SUCCESSOR BY MERGER TO STAR BANK, SUCCESSOR BY MERGER TO GREAT FINANCIAL BANK, FSB,<br><br>*Defendants.* | Civil Action No. 15-7570<br><br>**OPINION** |

**John Michael Vazquez, U.S.D.J.**

This matter comes before the Court through Nationstar Mortgage LLC's ("Defendant" or "Nationstar") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). D.E. 23. *Pro se* Plaintiff Manuel J. Martins' ("Plaintiff" or "Martins") Complaint alleges causes of action under the Fair Debt Collection Practices Act ("FDCPA"), identity theft, and the Truth in Lending Act ("TILA"). The Court reviewed the submissions in support of and in opposition to the motion, and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons stated below, Nationstar's motion is granted.

**I. BACKGROUND**

Plaintiff alleges that he "entered into a collateral agreement known as a mortgage involving his property" located in Newark, New Jersey. Complaint ("Compl.") at 2 (D.E. 1). On October 26, 2007, the mortgage was recorded. *Id.* Plaintiff alleges that the deed to his property was secured

by a promissory note to Bank of America N.A., but Nationstar, who was not involved in the mortgage agreement, "began attempting to foreclose under the terms of the mortgage, as if it were the holder or in control of the note and mortgage." *Id.* Plaintiff claims that Nationstar "has somehow acquired the personal and banking information of . . . [P]laintiff and has used that information for [its] own personal gain and benefit without any permissible purpose." *Id.* Plaintiff alleges that for the past year, Nationstar sent written communications to Plaintiff claiming that "it was representing various parties having rights under the same mortgage." *Id.* Plaintiff asked Nationstar to provide verification of who these parties were because they were not named in the mortgage. *Id.* at 2-3. Plaintiff also asked Nationstar how it obtained his personal and banking information. *Id.* at 3. Nationstar never responded. *Id.*

Plaintiff avers that around February 2014, Nationstar and certain unnamed organizations "owned and operated" by Nationstar "threatened [P]laintiff with the taking of [his] home and money unless [he] provided certain financial personal and identifying information to [Nationstar]." *Id.* at 14-15. Plaintiff claims that Nationstar "deceived him into disclosing his personal information" by making "it appear as if [Nationstar] had some legal rights to obtain more of [P]laintiff's private information, when [Nationstar] did not have such rights." *Id.* at 15. Plaintiff alleges that Nationstar "made false promises that it was the holder of" the note securing his mortgage and "that it had rights to foreclose against the plaintiff's property." *Id.* at 3.

According to a state-court judgment attached to the Complaint,[1] it appears that on April 21, 2015, a judgment was entered against Plaintiff in favor of Nationstar due to Plaintiff's default on his mortgage. D.E. 1-2 at 27-29. According to Nationstar's moving papers, it scheduled a

---

[1] In deciding a motion to dismiss a court generally may consider the "allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

2

foreclosure sale on Plaintiff's property but it was adjourned multiple times due to Plaintiff's filing of bankruptcy. D.E. 23-1 at 3. The bankruptcy petition was ultimately dismissed for procedural deficiencies. *Id.* Nationstar represented that it has elected not to reschedule the foreclosure sale until the immediate litigation is resolved. *Id.*

Plaintiff filed a complaint asserting causes of action against Nationstar for violating the FDCPA, committing identity theft, and violating TILA. Compl. Nationstar moved to dismiss the Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6), *res judicata*, the entire controversy doctrine, and the *Rooker-Feldman* Doctrine. Plaintiff filed an opposition brief and Nationstar filed a reply.[2] Because Plaintiff fails to state a claim, the Court does not reach Nationstar's *res judicata*, entire controversy doctrine, and *Rooker-Feldman* Doctrine arguments.

## II. LEGAL STANDARD

### A. Standard of Review

Rule 12(b)(6) permits a defendant to move to dismiss a count for "failure to state a claim upon which relief can be granted." To withstand a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on its face when there is enough factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a

---

[2] Nationstar's moving brief will be called "Def. Br." and its reply will be called "Def. Rep." Plaintiff's opposition brief will be known as "Pl. Opp."

result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id.* at 789.

In evaluating the sufficiency of a complaint, a district court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). A court, however, is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007). If, after viewing the allegations in the complaint most favorable to the plaintiff, it appears that no relief could be granted under any set of facts consistent with the allegations, a court may dismiss the complaint for failure to state a claim. *DeFazio v. Leading Edge Recovery Sols.*, No. 10-2945, 2010 WL 5146765, at *1 (D.N.J. Dec. 13, 2010).

Because Plaintiff is proceeding *pro se*, the Court construes the pleadings liberally and holds him to a less stringent standard than those filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the "Court need not . . . credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *D'Agostino v. CECOM RDEC*, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 10, 2010).

**B. The FDCPA**

Plaintiff alleges that Nationstar violated Sections 1692e(4) and (5) as well as 1692g(a) and (b) of the FDCPA. Section 1692e provides that the following are violations:

> (4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

4

15 U.S.C. § 1692e(4)-(5). Section 1692g provides as follows:

**(a) Notice of debt; contents**

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing --

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

**(b) Disputed Debts**

If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) of this section unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

Here, Plaintiff fails to state a cause of action under the FDCPA. In regard to Section 1692e(4), Plaintiff does not allege that Nationstar made a "representation or implication that nonpayment of any debt will result in arrest or imprisonment." *See* 15 U.S.C. § 1692e(4). Moreover, Plaintiff may not claim that the foreclosure action was unlawful in light of the state court judgment authorizing Nationstar to foreclose on Plaintiff's property. Additionally, the Complaint fails to state a claim under Section 1692e(5) because Plaintiff has not identified an *unlawful* threat made by Nationstar. Nationstar could lawfully foreclose on the property in light of the state court judgment.

Plaintiff also fails to plausibly state a claim under Sections 1692g(a) and (b). Plaintiff does not plead when the "initial communication" that would trigger the notice requirement under Section 1692g(a) took place. Therefore, the Court is unable to ascertain whether Nationstar failed to comply with Section 1692(a)'s notice requirements within the five-day time frame. Similarly, under Section 1692(b), Plaintiff has not pled sufficient facts to determine whether he disputed the allegedly owed debt within thirty days of the receiving notice of the debt. Without knowing when the "initial communication" took place or what Plaintiff alleges the "initial communication" to be, it is unclear whether Plaintiff disputed the debt within the requisite time period. Moreover, Plaintiff's September 29, 2015 letter disputing the "purported debt"[3] was written more than five months after the state court judgment was entered, authorizing Nationstar to foreclose on Plaintiff's property. Therefore, to the extent Plaintiff is relying upon this letter, Plaintiff's attempt to dispute the debt was not timely. For those reasons, Plaintiff fails to plausibly state a claim under Sections 1692g(a) and (b).

### C. Identity Theft

---

[3] Plaintiff also does not identify the amount or nature of the "purported debt."

Plaintiff's second cause of action against Nationstar is for identity theft. Plaintiff claims that Nationstar acquired his personal information and used it for improper purposes such as commencement of the foreclosure action. Compl. at 15. Although Plaintiff does not specify under which statute he brings his claim for identify theft, a liberal reading of the complaint indicates that he may be proceeding under N.J.S.A. 2C:21-17.4(a), which permits recovery of damages caused by criminal identity theft. The New Jersey identity theft statute "permits a person who has suffered 'any ascertainable loss of moneys or property, real or personal, as a result of the use of that person's personal identifying information,' to bring a cause of action against the thief." *Fogarty v. Household Finance Corp. III*, No. 14-4525, 2015 WL 852071, at *14 (D.N.J. Feb. 25, 2015) (quoting N.J.S.A. 2C:21-17.4(a)).

Plaintiff's claim fails because he has not identified any criminal identity theft committed by Nationstar that resulted in an ascertainable loss. The only damages identified by Plaintiff pertain to the foreclosure on his property that has not yet occurred. More importantly, and as noted above, Nationstar obtained a valid judgment against Plaintiff permitting it to foreclose on his property. A valid judgment is not a criminal act. Therefore, Plaintiff has not stated a valid cause of action for identity theft.

**D. TILA**

Plaintiff's third cause of action against Nationstar alleges a violation of TILA for failing to comply with Plaintiff's notice to rescind the mortgage loan on his property. The Court finds that, as pled, Plaintiff's notice to rescind was untimely and dismisses this Count with prejudice.

"TILA generally permits a consumer borrower to rescind a loan transaction that results in the creditor taking a security interest in the borrower's principal dwelling." *In re Porter*, 961 F.2d 1066, 1073 (3d Cir. 1992) (citing 15 U.S.C. § 1635(a)). The borrower has three days to rescind

the transaction. 15 U.S.C. § 1635(a). If, however, the creditor does not provide notice to the borrower of his or her right to rescind and the forms to do so, the borrower may rescind the transaction for up to three years. *Id.* at § 1635(f); *In re Porter*, 961 F.2d at 1073.

Here, Plaintiff's loan was originated on October 26, 2007. Compl. at 2. Plaintiff did not provide a notice of recession to Nationstar until May 21, 2015. Compl. at 24. Even assuming that Nationstar (or the original lender, who according to Plaintiff, was not Nationstar) did not provide proper notice and forms to Plaintiff regarding his right to rescind the loan, the three-year rescission period expired on October 26, 2010. Therefore, Plaintiff has failed to state a claim under TILA. Because Plaintiff's TILA claim is clearly barred from the face of the Complaint, this Count is dismissed with prejudice. *See Sundholm v. eSuites Hotels LLC*, No. 14-1996, 2014 WL 5449975, at *5 (D.N.J. Oct. 27, 2014) (dismissing with prejudice an untimely claim filed beyond the limitations period).

### III.  CONCLUSION

For the foregoing reasons, Nationstar's motion to dismiss is granted. Counts One and Three are dismissed without prejudice. Count Five is dismissed with prejudice. Plaintiff shall have thirty days to file an amended complaint re-pleading Counts One and Three. Failure to do so shall result in Counts One and Three being dismissed with prejudice. With prejudice means that Plaintiff will not be able to file a future case against Nationstar based on the facts or events alleged in this matter. An appropriate Order accompanies this Opinion.

Dated: April 6, 2017

_____
John Michael Vazquez, U.S.D.J.

8